DORILLA ROBITAILLE *vs.* HOWARD S. PROCTOR, *Ex.*

MAY 22, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker, JJ.

FLYNN, C. J. This is an action in assumpsit to recover for personal services allegedly rendered by plaintiff to Clara F. Maglone, late of North Kingstown, deceased, referred to throughout as Clara McGlone. Claim was duly filed and was thereafter disallowed by defendant as executor of the will. The case was tried before a jury in the superior court, upon defendant's appeal from a decision previously entered for plaintiff in the district court, and at the conclusion of all the evidence the trial justice granted the defendant's motion for a directed verdict. The case is before us on plaintiff's single exception to such ruling.

The claim, as filed, described in general terms the nature and extent of various services allegedly rendered to the testatrix over a period of 156 weeks, between May 15, 1931 and March 1934, at the rate of $5 per week, totaling $780. These

services included general housework, care of lawn and vegetable garden, carrying water and wood to house, furnishing automobile transportation to enable testatrix to go to market several times a week, to doctors, and to other places as desired; sewing and nursing services, as well as painting, papering, and carpentry work; all of which plaintiff says, in her claim, the testatrix "was supposed to pay me but always delayed and never payed." She also claimed other specific services totaling $81.50.

Counsel for the parties seem to agree that the claim did not purport to have been founded on any special contract, and that it was based upon the reasonable value of the services allegedly rendered to the testatrix as therein described. No count in the declaration set forth any special contract but all were confined to the *quantum meruit* and common counts. No demurrer was filed to the declaration and the case was tried upon pleas of the general issue. During the trial, however, certain of the plaintiff's testimony tended to make it appear that she might then have been testifying to a special contract, whereby the testatrix had agreed to pay for these services at the rate of $5 per week. The defendant moved to strike out such testimony but was temporarily overruled by the trial court, upon a general understanding that the motion might be renewed later, when plaintiff had testified fully concerning the nature of the claim.

At the conclusion of the plaintiff's evidence the defendant again moved to strike such testimony from the record, on the ground that neither the claim nor the declaration was based upon any special contract and that any evidence of such a contract amounted to a variance from the claim as filed. The trial justice granted the motion at that time with some restriction. The extent and effect of this restriction is in dispute and will be discussed later.

Thereafter, at the conclusion of all of the evidence, the trial justice granted the defendant's motion for direction, on

the ground that there was no evidence of the reasonable value of the alleged services from which the jury could determine the amount of a verdict, if they found those services or any part thereof had been performed as alleged.

The plaintiff argues, first, that the services were of a domestic character, the nature and extent of which were testified to in detail, and that they were matters of such common knowledge that the jury would have been justified in evaluating them under the common counts, without the necessity of expert or other testimony of their value; and in support thereof she cites *White* v. *Almy*, 34 R. I. 29, and other authorities. She contends, secondly, that the trial justice struck out only such of the plaintiff's testimony as related to a specific contract; but that he did not strike out what the plaintiff testified was allegedly said by the testatrix as to the value or worth of the services; and, thirdly, that if all of such testimony were stricken out, there was testimony from the defendant's witness Pierce from which certain of the alleged services could be reasonably evaluated, and therefore that the trial justice erred in apparently overlooking such evidence in directing a verdict for defendant.

The defendant argues that all the evidence concerning the value or worth of the plaintiff's services appeared in her testimony concerning a special contract and was properly stricken from the record; that the alleged services were not confined to work of ordinary domestic character, the nature of which was so common and so well known that no other testimony was required to fix their reasonable value. He points out that the claim included services of painting, papering, carpentering, vegetable gardening, sewing and nursing, according to the evidence; and that such services could not come within the rule advocated by the plaintiff but required other competent evidence of reasonable value. He finally contends that there was no evidence upon which the jury could return a verdict, without speculation, even if they

found that the services had been rendered in whole or in part as alleged.

The first ground of dispute, as stated, is whether important testimony of the plaintiff was wholly or partially stricken from the record. Certain excerpts from the transcript will assist in determining this issue. The plaintiff testified to a certain discussion with the testatrix concerning the nature of services which she would render and stated that she (plaintiff) placed thereon a value of "$5 a week besides extra work like sewing . . . painting and papering . . ." but included "taking care of her and the house and the machine." The plaintiff continued: "I told her (testatrix) that would be $5. a week. She said that would be just right. She said 'I am going to tell you I don't feel I can pay you but if you want to make that agreement and take it out of the real estate'— she didn't want to borrow any money in her lifetime—'when I be dead,' she said, 'there will be enough there for you to get your pay.' "

The trial justice refused at first to strike out this testimony but later, apparently referring to such testimony, and upon defendant's renewed motion, he ruled: "Mr. Clough: Then I understand that testimony will be stricken from the record. The Court: I'll strike that testimony out as to specific contract. Mr. McKanna: As to specific contract but not what was said. Mr. Clough: Then that leaves the plaintiff on *quantum meruit*. The Court: That is right. What the plaintiff is entitled to in fairness and justice without any contract."

From this it would appear that only so much of that testimony as might be relied upon to support the making of a specific contract was stricken from the record; and that the rest of the testimony stood, as bearing on the questions whether there was reasonable and proper expectation on the part of both the plaintiff and testatrix that plaintiff would be compensated and whether the testatrix ever had admitted

that the services might be worth $5 per week, although she would not, at that time, pay or agree to pay that amount. However, if we consider that it was entirely stricken out, we find other testimony in the transcript which was not objected to, and which, though general, was to the effect that the testatrix had stated to the plaintiff that these services might be worth $5 per week.

Furthermore, even if all the plaintiff's testimony, referring to alleged statements by the testatrix as to the value of the services, were excluded from consideration, there was still left the testimony of the defendant's witness Pierce. He testified, among other things, that he personally performed certain services, such as carrying wood and water to the testatrix's house, going for her groceries, and doing some carpentering, during the same period apparently for which the plaintiff was making similar claim therefor; and that he was paid therefor by testatrix at the rate of $1 per week, receiving $2 every other week; and that the testatrix had told him that "she (testatrix) settled all up with her (plaintiff) when she left."

It is understandable how this testimony of witness Pierce might have been overlooked by the trial justice because plaintiff's counsel, according to the transcript, did not call it to the court's attention. However, he has pointed it out to us, and our examination of the transcript discloses, that such evidence was actually in the case. While it also serves to contradict the plaintiff on the issue as to whether she or the witness Pierce had performed certain of the particular services in question, it nevertheless provided some evidence of the value of those services, even apart from plaintiff's testimony, from which the jury could determine their reasonable value, if they found that the plaintiff rather than the witness had rendered them. See *White* v. *Almy, supra,* and *Chapman* v. *Industrial Trust Co.*, 43 R. I. 544.

The rule is too well established to require citation that a trial justice, in passing upon a motion for a directed verdict,

should not consider the credibility of the witnesses nor the weight of the evidence. He should view the evidence and reasonable inferences therefrom most favorably to the party opposing the motion, in determining whether there is conflicting evidence upon material issues of fact to be determined by the jury in the first instance.

Applying the rule to the instant case, we are of the opinion that the trial justice apparently overlooked certain abovementioned testimony; and that, if this be considered with all the other evidence and inferences most favorably to plaintiff, apart from questions of credibility or weight, there would be some evidence from which the jury might determine a reasonable value for some of the services allegedly rendered by plaintiff.

For this reason, the plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Joseph R. McKanna,* for plaintiff.

*Clinton G. Clough,* for defendant.